FILED

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA    2013 AUG 19  PM 2: 38
ORLANDO DIVISION

\[DDLE DISTRICT OF FLORIDA
ORLANDO, FLORIDA\]

RICHARD ROSA, on behalf of himself
and those similarly situated,

    Plaintiff,

vs.                                                   CASE NO.: 6:13-cv-1255-orl-18TBS

LEVEL3INSTALLATION.COM,
INC., a Florida For Profit
Corporation, and DANIEL
MCDOUGAL, Individually,

    Defendants.
_____/

## COMPLAINT & DEMAND FOR JURY TRIAL
(Collective Action Complaint)

Plaintiff, Richard Rosa, on behalf of himself and those similarly situated ("Plaintiff"), was an employee of Defendant, Level3Installation.com, Inc., a Florida for profit corporation, and Daniel McDougal, Individually (hereinafter "Defendants"), and brings this action for unpaid overtime compensation, liquidated damages, declaratory relief and other relief under the Fair Labor Standards Act, as amended, 29 U.S.C. § 216(b) (the "FLSA").

I.    **NATURE OF SUIT**

The FLSA was passed by Congress in 1938. The principal congressional purpose in enacting the FLSA was to protect all covered workers from substandard wages and oppressive working hours, labor conditions that are detrimental to maintenance of minimum standards of living necessary for health, efficiency, and general well-being of workers. *Barrentine v. Arkansas-Best Freight System, Inc.*, 450 U.S. 728, 739, 101 S.Ct. 1437, 1444 (1981). The liquidated damage provision of the FLSA constitutes a congressional recognition that failure to pay statutory minimum on time may be so detrimental to maintenance of minimum standard of

1

living necessary for health, efficiency, and general well-being of workers and to the free flow of commerce, that double payment must be made in event of delay in order to insure restoration of worker to that minimum standard of well-being. *Brooklyn v. Sav. Bank v. O'Neil*, 324 U.S. 697, 707-08, 65 S.Ct. 895, 902 (1945).

1. This action is brought under the FLSA to recover from Defendants overtime compensation, liquidated damages, and reasonable attorneys' fees and costs.

2. This action is intended to include each and every cable technician who worked for the Defendants **statewide** at any time within the past three (3) years.

## II. PARTIES

3. Plaintiff, on behalf of himself and those similarly situated, was a cable technician and performed related activities for Defendants in Orange County, Florida.

4. Defendant, Level3Installation.com, Inc., has its headquarters in Florida, therefore venue is proper in the Middle District of Florida, Orlando Division, pursuant to 28 U.S.C. § 1391(b)(1) & (c).

5. Defendant, DANIEL MCDOUGAL, is/was an acting manager and President of Defendant, LEVEL3INSTALLATION.COM, INC., who, upon information and belief, resides in Orlando, Florida therefore venue is proper in the Middle District of Florida, Orlando Division, pursuant to 28 U.S.C. § 1391(b)(1) & (c).

## III. JURISDICTION

6. This Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. §1337 and the FLSA.

7. The Court has the authority to grant declaratory relief pursuant to the FLSA and the federal Declaratory Judgment Act ("DJA"), 28 U.S.C. §§ 2201-02.

## IV. COVERAGE

8. At all material times during the last three years, Defendant, LEVEL3INSTALLATION.COM, INC., was an enterprise covered by the FLSA, and as defined by 29 U.S.C. § 203(r) and 203 (s).

9. At all material times during the last three years, Defendant, LEVEL3INSTALLATION.COM, INC., was an employer as defined by 29 U.S.C. § 203(d).

10. At all material times relevant to this action, Defendants' annual gross volume of sales made or business done is not less than five hundred thousand and 0/100 dollars ($500,000.00).

11. At all material times relevant to this action, Defendants have had two or more employees handling, selling or otherwise working on goods or materials that have been moved or produced for such commerce. (i.e. cable installation supplies, tools, equipment, etc.).

12. Additionally, Plaintiff was engaged in interstate commerce during his employment with Defendants as he made interstate calls to interstate recipients daily.

13. At all times relevant to this action, DANIEL MCDOUGAL, was an individual resident of the State of Florida, who owned and operated LEVEL3INSTALLATION.COM, INC., and who regularly exercised the authority to: (a) hire and fire employees of LEVEL3INSTALLATION.COM, INC.; (b) determine the work schedules for the employees of LEVEL3INSTALLATION.COM, INC.; and (c) control the finances and operations of LEVEL3INSTALLATION.COM, INC. By virtue of having regularly exercised that authority on behalf of LEVEL3INSTALLATION.COM, INC., DANIEL MCDOUGAL is an employer as defined by 29 U.S.C. §201, et seq.

14. At all material times relevant to this action, Defendants failed to comply with 29 U.S.C. §§201-209 because Plaintiff, on behalf of himself and those similarly situated, performed services for Defendants for which no provisions were made by Defendants to properly pay Plaintiff, or other similarly situated employees, for those hours in excess of forty (40) within a work week.

15. Specifically, Defendants improperly classified the Plaintiff and other similarly situated employees as independent contractors and therefore exempt from the requirements of the FLSA.

16. During his employment with Defendants, Plaintiff, and other similarly situated employees, was not paid time and one half his regular rate of pay for all hours worked in excess of forty (40) per work week during one or more weeks.

17. Defendants and their officers and agencies are responsible under the United States Constitution, federal law, and regulations for the establishment and administration of personnel, employment and compensation policies and practices and for applying to Plaintiff and those similarly situated employees, the provisions of the FLSA and other applicable federal pay and compensation statutes and regulations.

18. Upon information and belief, the records, to the extent that any exist, concerning the number of hours worked and amounts paid to Plaintiff and those similarly situated are in the possession, custody and control of Defendants.

## V. FACTUAL ALLEGATIONS

19. Defendants provide cable installation and repair services to cable providers statewide.

20. Defendants purport to contract with individuals to perform installation, repair, construction and supervisory work associated with monitoring the quality of those services.

21. Defendants purport to call these individuals "independent contractors," not employees, thereby avoiding any obligation to pay payroll taxes, workers' compensation insurance, health insurance, unemployment insurance, overtime, and other such benefits.

22. These so-called independent contractors are required to show up at a specific time in the morning, and at such location are handed out specific orders with instructions as to specific work which must be done by that day or within a matter of hours, and each contractor is provided with specification books as to how each such installation, repair, or construction work is to be performed.

23. All of the telecommunications equipment used by the Plaintiff and those similarly situated must be picked up from a facility on Defendants' property where Defendants inform each contractor of the amount of equipment needed to perform the jobs for that day.

24. Virtually all of the plaintiff contractors work well over forty (40) hours per week. Typically, the plaintiff contractors work(ed) between fifty-five (55) and seventy (70) hours per week without overtime compensation.

25. There is virtually no opportunity for the plaintiff contractors to work for any other cable companies or to perform any other telecommunications work while working as contractors for Defendants.

26. Further, if Defendants or its cable providers are unsatisfied with work performed by plaintiff contractors, Defendants require such contractors to go out and correct any deficiency, and to make an repairs and on such occasions, while the plaintiff contractors are not paid for their time working to correct such problems.

27. Plaintiff, Richard Rosa, worked as a cable technician for Defendants.

28. Plaintiff worked in this capacity from approximately March 2012 through April 2013.

29. Plaintiff was paid a "piece rate" salary in exchange for work performed.

30. Specifically, Plaintiff's wages were based on the job performed, not the amount of hours worked whether Plaintiff worked more or less than forty hours. *See id.*

31. Plaintiff and those similarly situated to him routinely worked in excess of forty (40) hours per week as part of their regular job duties.

32. Despite working more than forty (40) hours per week, Defendants failed to pay Plaintiff and those similarly situated to him overtime compensation at a rate of time and a half their regular rate of pay for hours worked over forty in a workweek.

33. Defendants have employed and are employing other individuals as cable technicians who perform(ed) the same or similar job duties under the same pay provision as Plaintiff and the class members.

## VI. COLLECTIVE ACTION ALLEGATIONS

34. Plaintiff and the class members performed the same or similar job duties as one another in that they provided cable installation/repair services for Defendants.

35. Further, Plaintiff and the class members were subjected to the same pay provisions in that they were paid by the job and not compensated at time-and-one-half for all hours worked in excess of 40 hours in a workweek during the time period when they were misclassified as independent contractors. Thus, the class members are owed overtime wages for the same reasons as Plaintiff.

36. Defendants' failure to compensate employees for hours worked in excess of 40 hours in a workweek as required by the FLSA results from a policy or practice of failure to assure that cable technicians are paid for overtime hours worked based on the Defendants' erroneous misclassification of its installation technicians as independent contractors.

37. This policy or practice was applicable to Plaintiff and the class members. Application of this policy or practice does not depend on the personal circumstances of Plaintiff or those joining this lawsuit. Rather, the same policy or practice which resulted in the non-payment of overtime to Plaintiff applies to all class members. Accordingly, the class members are properly defined as:

> **All cable technicians who worked at any of Defendants' facilities statewide within the last three years who were not compensated at time-and-one-half for all hours worked in excess of 40 hours in a workweek**

38. Defendants knowingly, willfully, or with reckless disregard carried out its illegal pattern or practice of failing to pay overtime compensation with respect to Plaintiff and the class members.

39. Defendants did not act in good faith or reliance upon any of the following in formulating its pay practices: (a) case law, (b) the FLSA, 29 U.S.C. § 201, *et seq.*, (c) Department of Labor Wage & Hour Opinion Letters or (d) the Code of Federal Regulations.

40. During the relevant period, Defendants violated § 7(a)(1) and § 15(a)(2), by employing employees in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA as aforesaid, for one or more workweeks without compensating such employees for their work at a rate of at least the time-and-one-half for all hours worked in excess of 40 hours in a work week.

41. Defendants have acted willfully in failing to pay Plaintiff and the class members in accordance with the law.

## COUNT I - RECOVERY OF OVERTIME COMPENSATION

42. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1-41 above.

7

43. Plaintiff, and those similarly situated to him, are/were entitled to be paid time and one-half their regular rate of pay for each hour worked in excess of forty (40) per work week.

44. During his/their employment with Defendants, Plaintiff, and those similarly situated to him, regularly worked overtime hours but was/were not paid time and one half compensation for same.

45. In addition, Defendants did not maintain and keep accurate time records as required by the FLSA for Plaintiff and other similarly situated employees.

46. Also, Defendants failed to post required FLSA informational listings as required by the FLSA for Plaintiff and other similarly situated employees.

47. As a result of Defendants' willful violation of the FLSA, Plaintiff, and those similarly situated to him, is/are entitled to liquidated damages.

48. As a result of Defendants' intentional, willful, and unlawful acts in refusing to pay Plaintiff, and those similarly situated to him, time and one half their regular rate of pay for each hour worked in excess of forty (40) per work week in one or more work weeks, Plaintiff, and those similarly situated to him, has/have suffered damages plus incurring reasonable attorneys' fees and costs.

49. Plaintiff demands a trial by jury.

## COUNT II – RECOVERY OF UNPAID MINIMUM WAGE (FEDERAL)

50. Plaintiff alleges and reincorporates all allegations contained in Paragraphs 1 – 41 as if incorporated herein.

51. At all relevant times, Defendants have been, and continue to be, employers engaged in interstate commerce and/or the production of goods for commerce, within the meaning of the FLSA.

52. At all relevant times, Defendants employed, and/or continues to employ Plaintiff and/or similarly situated cable technicians.

53. As stated above, Defendants have a policy of paying Plaintiff and those similarly situated a "piece rate" method of payment regardless of the number of hours actually worked.

54. The "piece rate" paid by the Defendants would vary depending on what kind of installation or repair the Plaintiff and other similarly situated cable technicians would perform.

55. Plaintiff and those similarly situated often worked in excess of eighty (80) hours per week and only received the piece rate of pay without any additional compensation for the hours worked in excess of forty (40) within a week.

56. There have been many weeks where Plaintiff and those similarly situated have been paid less than the statutory minimum wage for all hours worked as a result of Defendant's piece rate method of payment.

57. Such a policy and practice violates the FLSA's minimum wage provisions.

58. Defendants' failure to pay Plaintiff and other cable technicians the full minimum wage is a violation of 29 U.S.C. § 206.

59. The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

WHEREFORE, Plaintiff, and all other similarly situated employees, demand judgment against Defendants for:

    a) Designation of this action as a collective action under the terms of 29 U.S.C. §216(b) to all similarly situated members of the FLSA Opt-in Class, apprising them of the pendency of this action and permitting them to assert their FLSA claims in this action through individual consent;

    b) The payment of all overtime hours at one and one-half the regular rate of pay for the hours worked by them for which Defendants did not properly compensate him/them;

c)  The payment of all regular hours worked at no less than the statutory minimum wage;

c)  Liquidated damages;

d)  Reasonable attorneys' fees and costs incurred in this action;

e)  A declaration that Plaintiff and the Opt-in Plaintiffs were employees of Defendants under the terms of the FLSA and not independent contractors.

f)  Reimbursement of self-employment tax unnecessarily paid by Plaintiff and others similarly situated as a result of their misclassification;

g)  Pre- and post-judgment interest as provided by law;

h)  Trial by jury on all issues so triable;

i)  Any and all further relief that this Court determines to be appropriate.

Dated this 18 day of August, 2013July, 2013.

Carlos V. Leach, Esquire
FBN 0540021
Morgan & Morgan, P.A.
20 N. Orange Ave., 14th Floor
P.O. Box 4979
Orlando, FL 32802-4979
Telephone: (407) 420-1414
Facsimile: (407) 245-3341
Email: CLeach@forthepeople.com
Attorneys for Plaintiff